**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| HAL JENKINS, Individually and as Administrator of the Estate of April Jenkins,   Plaintiff,   v.   CLJ HEALTHCARE, LLC, d/b/a OPULENCE AESTHETIC MEDICINE,   Judgment Debtor.   OWNERS INSURANCE COMPANY,   Garnishee. | CIVIL ACTION NO. 4:19-cv-00045 |

**O R D E R**

On August 4, 2020, the Court granted Owners Insurance Company's ("Owners") Motion for Summary Judgment on Plaintiff Hal Jenkins' garnishment action against it, based on the determination that the terms of an insurance policy between Owners and CLJ Healthcare, LLC, d/b/a Opulence Aesthetic Medicine ("CLJ") did not require Owners to pay Jenkins.  (Doc. 42, pp. 1–2.)  Owners, however, had not formally moved for summary judgment as to its own counterclaim for a declaratory judgment stating that it had no obligation to pay Jenkins under the policy.  (See doc. 4, p. 12.)  As a result, at the conclusion of the summary judgment Order, the Court instructed both parties to advise the Court in writing on their respective positions as to whether "the entry of summary judgment as to Plaintiff's garnishment action has mooted Owners' counterclaim for declaratory judgment or whether the request for declaratory judgment should proceed."  (Doc. 42, p. 19.)  In response, Jenkins filed a brief arguing that the declaratory judgment issue was moot,

(doc. 44), and CLJ filed a Motion to Dismiss its counterclaim (which is the only remaining claim) without prejudice, (doc. 43).

When a party moves to voluntarily dismiss a case in which the opposing party has served an answer or a motion for summary judgment, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856–57 (11th Cir. 1986). However, dismissal is inappropriate where it would cause a defendant to lose a "substantial right." Pontenberg, 252 F.3d at 1255–56 (citing Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). "Another relevant consideration is whether the plaintiff's counsel has acted in bad faith." Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014). Unless the court specifies otherwise, a voluntary dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

Here, there is no evidence that Owners acted in bad faith. To the contrary, Owners promptly filed its Motion to Dismiss its declaratory judgment counterclaim right after the Court granted summary judgment in its favor on Jenkins' claim. (Doc. 43.) Furthermore, there is no indication that Jenkins will be prejudiced by the dismissal of Owners' declaratory judgment counterclaim.[1] See, e.g., McCants, 781 F.2d at 859 (voluntary dismissal appropriate even when it results in the defendant losing a valid statute of limitations defense). Therefore, the Court finds

---

[1] Jenkins argues in his brief that the declaratory judgment issue is moot and, as such, apparently does not disagree that the claim should be dismissed. (See doc. 44.)

2

on balance that Owners should be allowed to dismiss its declaratory judgment counterclaim in this case.

Thus, for the above reasons, the Court **GRANTS** Owners Insurance Company's Motion to Dismiss its declaratory judgment claim without prejudice.  (Doc. 43.)  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 3rd day of September, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA